KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
5550 Painted Mirage Rd.
Suite 320
Las Vegas, NV 89149
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT NICCOLSON, an individual, on behalf of himself and those similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>HOA COLLECTIONS LLC, and JOHN DOES.<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff, ROBERT NICCOLSON (hereinafter referred to as "PLAINTIFF"), on behalf of himself and all those similarly situated, by and through undersigned counsel, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, and brings this complaint against Defendant, HOA collections LLC and John Does (hereinafter referred to as "DEFENDANTS") and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1. PLAINTIFF brings this action for actual and statutory damages arising from DEFENDANTS' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

- 1 -

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district.

## PARTIES

4. PLAINTIFF ROBERT NICCOLSON is a natural person residing in Las Vegas, Nevada.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7. DEFENDANT HOA COLLECTIONS LLC is a Nevada limited liability company, the principal purpose of whose business is the collection of debts, with a principal place of business at 6375 S. Pecos Road, Suite 214, Las Vegas, Nevada 89120.

8. DEFENDANT JOHN DOES are employees and agents of DEFENDANT HOA COLLECTIONS LLC acting on its behalf.

9. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS uses the mails in a business, the principal purpose of which is the collection of debt and/or regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANTS are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

10. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 9 inclusive, above.

11. PLAINTIFF owns two condominiums at The Charleston Heights 44-E, units 1330 and 1340 N. Jones Blvd. PLAINTIFF resides in unit 1340 with his son and daughter-in-law residing in unit 1330.

12. PLAINTIFF entered into an agreement with The Charleston Heights 44-E Townhouse Owners Association, Inc. ("HOA") for maintenance of the common areas of the complex.

13. This agreement was incurred for personnel, family, or household purposes, *i.e.* – the maintenance of PLAINTIFF's property.

14. PLAINTIFF's son and daughter-in-law make the HOA payments for both units. At some point, they accidentally put the same account number on the HOA payment checks to both units resulting in unit 1340 receiving double the amount of assessments and unit 1330 not receiving any.

15. On or after June 25, 2020, DEFENDANTS, on behalf of the HOA, prepared and sent a letter to PLAINTIFF in connection with the collection of alleged past due HOA assessments for unit 1330, a true and correct copy of which is attached as **Exhibit 1**.

16. PLAINTIFF received the letter on June 28, 2020.

17. Exhibit 1 was the initial communication from DEFENDANTS to PLAINTIFF.

18. DEFENDANTS attempt to collect $1,580.00 as stated in the letter. *Id.*

19. DEFENDANTS' letter requires the PLAINTIFF to "dispute the validity of this notice/delinquency in writing" otherwise it "will be assumed to be valid by the creditor." *Id.*, p. 1, ¶ 3.

20. DEFENDANTS' letter states further "The total amount due as of June 23, 2020 is **$1,580.00** and must be paid **IN FULL** by **JULY 25, 2020** or your property may be Liened." *Id.,* page 2. (bold in original).

- 3 -

21. DEFENDANT JOHN DOES created, prepared, supervised and directed the sending of letters in the form of Exhibit 1 to Robert Niccolson and the class members.

22. PLAINTIFF and his family immediately contacted DEFENDANTS and their HOA to dispute the debt and find out why they think PLAINTIFF owes $1,580.

23. The accidental double payment for unit 1340 was discovered and the extra assessments transferred from unit 1340 to unit 1330.

24. No additional HOA fees were required. Nevertheless, PLAINTIFF was charged a $250 collection fee.

25. PLAINTIFF disputed owing the collection fee, but was afraid his property would be liened if he did not pay the $250 collection fee by the July 25, 2020 deadline.

26. PLAINTIFF paid the $250 collection fee.

## CLASS ACTION ALLEGATIONS

27. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 26 inclusive, above.

28. PLAINTIFF brings this claim individually and on behalf of all others similarly situated for the purpose of asserting the claim alleged in this Complaint on a common basis. PLAINTIFF's proposed class is defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3)as : (i) all persons in Nevada to whom DEFENDANTS sent a a letter in the form of Exhibit 1 (ii) to collect an alleged debt incurred for personal, family, or household purposes (iii) which was not returned as undeliverable (iv) during the one year period prior to the filing of this lawsuit.

29. PLAINTIFF does not know the exact size or identities of the class, as DEFENDANTS maintain exclusive control of such information.. Exhibit 1 is a form letter routinely sent by DEFENDANTS. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

30. All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

    a. Whether DEFENDANTS' actions violate 15 U.S.C. §§1692e and g(a) by requiring the homeowner to dispute the validity of the debt in writing;

    b. Whether DEFENDANTS' actions violate 15 U.S.C. §§ 1692e and g(a) by stating the alleged debt may be assumed to be valid by the creditor;

    c. Whether DEFENDANTS' actions violate 15 U.S.C. §§ 1692e and g(a) by stating the alleged debt must be paid in full within thirty (30) days of mailing Exhibit 1.

31. PLAINTIFF's claims are typical of the claims of the classes and do not conflict with the interests of any other class members. PLAINTIFF and the members of the classes were uniformly subjected to the same conduct.

32. Upon information and belief, DEFENDANTS have or had a policy of sending letters in the form of Exhibit 1 which misstate the rights of the consumer.

33. PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel, Keren E. Gesund and O. Randolph Bragg, also have extensive experience in prosecuting FDCPA class actions.

34. PLAINTIFF is committed to vigorously pursuing his claims.

35. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k. The members of the classes are generally unsophisticated

consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

36. A class action regarding the issues in this case does not create any problems of manageability.

37. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM FOR RELIEF**

**VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e AND g(a)
BROUGHT BY PLAINTIFF INDIVIDUALLY AND
ON BEHALF OF THE CLASS**

38. PLAINTIFF repeats, re-alleges, and incorporates by reference the paragraphs above.

39. Debt collectors are prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

40. Further, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)

41. On or after June 25, 2020, DEFENDANTS, on behalf of the HOA, prepared and sent a letter to PLAINTIFF in connection with the collection of alleged past due HOA assessments for unit 1330, a true and correct copy of which is attached as **Exhibit 1**.

42. PLAINTIFF received the letter on June 28, 2020

43. Exhibit 1 was the initial communication from DEFENDANTS to PLAINTIFF.

44. DEFENDANTS attempt to collect $1,580.00 as stated in the letter. *Id.*

45. DEFENDANTS' letter requires the PLAINTIFF to "dispute the validity of this notice/delinquency in writing" otherwise it "will be assumed to be valid by the creditor." *Id*., p. 1, ¶ 3.

46. DEFENDANTS' letter states further "The total amount due as of June 23, 2020 is **$1,580.00** and must be paid **IN FULL** by **JULY 25, 2020** or your property may be Liened." *Id.,* page 2. (bold in original).

47. DEFENDANT JOHN DOES created, prepared, supervised and directed the sending of letters in the form of Exhibit 1 to Robert Niccolson and the class members.

48. PLAINTIFF and his family immediately contacted DEFENDANTS and their HOA to dispute the debt and find out why they think PLAINTIFF owes $1,580.

49. The accidental double payment for unit 1340 was discovered and the extra assessments transferred from unit 1340 to unit 1330.

50. No additional HOA fees were required. Nevertheless, PLAINTIFF was charged a $250 collection fee.

51. PLAINTIFF disputed owing the collection fee, but was afraid his property would be liened if he did not pay the $250 collection fee by the July 25, 2020 deadline.

52. PLAINTIFF paid the $250 collection fee.

- 7 -

53. A "debt validation notice that requires that a dispute be in writing violates § 1692g(a)(3) of the FDCPA." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1102 (9th Cir. 2012).

54. Further, the letter misrepresents that failure to dispute the validity of the debt means the *creditor* rather than the *debt collector* will assume the debt to be valid. *See* §1692g(a)(3).

55. Finally, the letter fails to notify PLAINTIFF that he has 30 days from *receipt* of the letter to dispute the validity of debt. *See* §1692g(a)(3). Instead, it demands payment by July 25, 2020, which is 30 days from the date of the letter.

56. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of herself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

**DEMAND FOR JURY TRIAL**

Please take notice that PLAINTIFF ROBERT NICCOLSON demands trial by jury in this action.

**REQUEST FOR RELIEF**

WHEREFORE, PLAINTIFF ROBERT NICCOLSON respectfully requests that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANTS for the following:

(1) For certification of this matter to proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure'

(2) for statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANTS;

(4) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(5) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(6) For any and all other relief this Court may deem appropriate.

DATED this 12th day of April, 2021.

*/s/ Keren E. Gesund, Esq.*
KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
5550 Painted Mirage Rd
Suite 320
Las Vegas, NV 89149
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

*Attorneys for Plaintiff*